IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Jody Edwin GRIFFITH,

    plaintiff,

vs.                                              Case No: 2:07-CV-749-MEF

Gary ANDERSON, et al.,

    defendants.

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL

---

Statement of Facts

This is a civil rights case filed by a state inmate pursuant to 42 U.S.C. §1983, raising claims for the unconstitutional misuse of force and the denial of medical care for injuries inflicted during the misuse of force. The plaintiff seeks damages as to all claims. The complaint alleges that the plaintiff was assaulted by correctional officers and received numerous injuries, including a head injury that was initially ignored on the night of the assault but diagnosed days later as being infected and finally prescribed medication

1

## ARGUMENT

### THE COURT SHOULD APPOINT COUNSEL FOR PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to represent his claim and the complexity of the legal issues". *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), *cert. denied*, 112 S. Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weigh in favor of appointing counsel in the case, as addressed below:

1. *Factual Complexity*. The complaint alleges that correctional officers physically assaulted the plaintiff. The plaintiff also challenges the denial of medical care following the incident. These type claims for relief and the defendants that are involved make this a factually complex case. One of plaintiff's claims involves the denial of medical care, and it will probably be necessary to present a medical expert witness and/or to cross-examine medical expert witnesses called by the defendants. The presence of medical or other issues requiring

expert testimony supports the appointment of counsel. *Moore v. Mabus*, 976 F. 2d 268, 272 (5th Cir. 1992); *Jackson v. County of McLean*, 953 F. 2d 1070, 1073 (7th Cir. 1992); *Tucker v. Randall*, 948 F. 2d 388, 392 (7th Cir. 1991).

2. *The Plaintiff's Ability to Investigate*. The plaintiff has been transferred to a different institution, is locked in administrative segregation, and has no ability to investigate the facts. For example, he is unable to identify, locate, and interview the inmates who were housed in nearby cells who witnessed some or all of the misuse of force incident. He is in the same situation as other inmates who have been transferred to different institutions, a factor that several courts have cited in appointing counsel. *Tucker v. Randall*, 948 F.2d 388, 391-92 (7th Cir. 1991); *Gatson v. Coughlin*, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); *Armstrong v. Snyder*, 103 F.R.D. 96, 105 (E.D.Wis.1984). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incident, the history of the officers with prior records of misuse of force, and the plaintiff's medical history. See *Tucker v. Dickey*, 613 F.supp. 1124, at 1133-34 (W.D.Wis.1985)(need for discovery supported appointment of counsel).

3. *Conflicting Testimony*. The plaintiff's account of the assault by officers is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. *Gatson v. Coughlin*, 679 F.Supp. 270,273 (W.D.N.Y.1988).

4. *The Ability of the Indigent to Present His Claim*. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. *Whisenant v.Yuam*, 739 F.2d 160.163 (4th Cir. 1984). In addition, he is confined to segregation with very limited access to legal materials. *Rayes v. Johnson*, 969 F.2d 700, 703-04 (8th Cir.1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. *Legal complexity*. The plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See *Abdullah v. Gunter*, 949 F.2d 1032, 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), *cert. denied*, 112 S.Ct. 1995(1992).

6. *Merits of the Case*. The plaintiff's allegations, if proven, would clearly establish a constitutional violation. The unprovoked and injurious beating described in the complaint clearly states an Eighth Amendment violation. See <u>Hudson v. McMillian</u>, 112 S.Ct 995, at 1000 (1992). The allegations of denial of medical care amount to "intentionally interfering with treatment", which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. <u>Estelle</u>, supra. On its face, then, this is a meritorious case.

## Conclusion

For the foregoing reasons, the Court should grant the plaintiff's motion and appoint counsel in this case. Respectfully submitted on this 28th day of September, 2007.

*[signature]*
Jody Griffith
pro se

## CERTIFICATE OF SERVICE

I hereby swear or affirm that I have served a copy of the foregoing 'PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL' on defendants by placing the same in the U.S. Mail, postage prepaid, addressed to the Alabama Department of Corrections, Legal Division, P.O. Box 301501, Montgomery, Alabama 36130, on this 28th day of September 2007.

Jody Griffith
pro se

Of Counsel:

Jody Edwin Griffith
Limestone C.F. E-18B
28779 Nick Davis Road
Harvest, AL. 35749


Jody Griffith 249169
Limestone C.F.  E-188
28779 Nick Davis Rd
Harvest, Al. 35749

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711




USA FIRST-CLASS FOREVER
USA First-Class