IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Jody Edwin Griffith,

    plaintiff,

vs.                                    Case Number: 2:07-CV-749-MEF

Gary Anderson, et al.,

    defendants.

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER, SPECIAL REPORT, AND
SUPPLEMENTAL SPECIAL REPORT

---

Comes now, Jody Griffith, plaintiff, pro se, in the above-styled cause, and respectfully submits the following response to the defendants 'Answer' and 'Special Report' dated October 16, 2007, and their 'Supplemental Special Report' dated October 31, 2007. These three filings are essentially mirror documents, so the Plaintiff requests leave to file this consolidate response in the interest of judicial economy.

1. Plaintiff initially points out that these responsive documents filed on behalf of the defendants in this case were submitted by the Attorney General's Office for the State of

1

Alabama, even though they are not a party to these proceedings. Plaintiff opposes this action because the State of Alabama lacks standing to enter this case. Neither the State, nor any of its administrative agencies, is named as a defendant in this suit and they should not be permitted to enter this case. This is not a suit against the state. Plaintiff has sued defendants Anderson and Peterson in their individual capacities, and the State of Alabama should not be allowed to intervene without legal grounds to do so. As the defendants keenly point out, the only time the state is allowed to enter a case is when "the suit seeks to order a state officer to pay funds directly from the state treasury, then the state is the real party in interest." <u>Summit Medical Associates v. Pryor</u>, 180 F.3d 1326, 1336 (11th Cir 1999)(Special Report p.10).

Plaintiff in the case at bar is not seeking monetary damages that would be paid from the State of Alabama treasury, but rather he is seeking damages to be paid directly from the defendants' personal assets. In harmony with this same reasoning, Plaintiff asserts that defendants Anderson and Peterson are not entitled to legal representation at the expense of Alabama taxpayers, but should have to retain private counsel or represent themselves. Accordingly, Plaintiff respectfully requests this Honorable Court to remove the Alabama Attorney General's Office from this case, and strike its 'Answer' and 'Special Report' from the record,

because it lacks standing to intervene in the proceedings before the court. Pending a ruling from the court on this issue, the Plaintiff will go ahead and address the issues raised within the defendants 'Answer' and 'Special Report'.

2. The defendants have submitted a standardized or boilerplate motion raising basic defenses to plaintiff's assertions. The plaintiff will rebut each of these defenses, as follows:

a. First, defendants allege that plaintiff failed to state a claim upon which relief can be granted (Answer p. 2), but this is not true. Plaintiff actually listed *five* claims upon which relief may be granted in his initial complaint under the heading "Statement of Claims for Relief". (Complaint p. 10, ¶¶ 47-51). If the defendants had actually bothered to read the complaint, they would have clearly known all the claims for relief that plaintiff raised and itemized.

b. Second, there are genuine issues of material fact that preclude summary judgment for the defendants. Summary judgment is to be granted only if the record before the court shows "that there is no genuine issue of material fact and that the moving party is entitled to the judgment as a matter of law". Rule

56(c), Fed.R.Civ.P. A "material" fact is one that "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Tipton v. Bergrohr*, 965 F.2d 994, 998 (11th Cir 1992). If reasonable minds could differ on the inferences arising from disputed facts, then a court must deny summary judgment. *Miranda v. B & B Cash Grocery, Inc.*, 975 F 2d 1518, 1534 (11th Cir 1992)(citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F 2d 838, 841 (11th Cir 1985)). In the present case, the affidavits of the plaintiff and the defendants are squarely contradictory as to what transpired during the incident in question, what force was used, how it was used, and why it was used. The statements contained within plaintiff's affidavit portray a completely senseless use of force against an inmate at his most vulnerable -- while he was naked and wet in the shower -- but the Defendants claim that the inmate merely "slipped and fell". These conflicting accounts give rise to numerous factual disputes that need to be resolved by a jury.

c. Third, the Plaintiff has contemporaneously filed a 'MOTION IN OPPOSITION TO SUMMARY JUDGMENT', an 'AFFIDAVIT IN OPPOSITION TO SUMMARY JUDGMENT', and a 'PLAINTIFF'S STATEMENT OF DISPUTED FACTS' that thoroughly addresses and rebuts the Defendants' argument for summary judgment.

d. Fourth, the defendants allege that they entitled to sovereign immunity under the Eleventh Amendment, but this argument is without merit. As previously pointed out in ¶1, above, the State of Alabama is not named as a party to this suit. The plaintiff conscientiously chose not to seek any damages from the state, nor any of its administrative agencies, but instead elected to sue the defendants in their individual capacities in order to preclude an Eleventh Amendment immunity defense. Plaintiff also submits that state officials can be held liable in their individual capacity for constitutional violations occurring under color of law.

e. Fifth, the defendants allege that they are also entitled to qualified immunity, but this statement is equally false under the facts of this case. Eleventh Circuit law precludes a defense of qualified immunity in cases alleging excessive use of force in violation of the Eighth Amendment, because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir 2002). Thus, a qualified immunity defense is not available when a Plaintiff alleges the use of excessive force, as in this case. *Skrtich*, at 1302; see also *Hudson*, 503 U.S. 9-10, and *Harris v. Chapman*, 97 F3d 499, 505 (11th Cir 1996). Furthermore, state officials can only acquire

qualified immunity for <u>discretionary acts</u>, which do not apply to the case at bar because Plaintiff raises claims of intentionally <u>malicious acts</u>. Plaintiff proposes that assault and battery with a wooden baton is *not* a discretionary act. Falsifying documents in the course of the investigation is *not* a discretionary act. Deliberate indifference to physical pain and suffering is *not* a discretionary act. The denial of medical care for known medical injuries is *not* a discretionary act. Each of these claims involves intentional and deliberate conduct, thus the Defendants cannot rely on immunity deriving from discretionary job functions.

 f. Sixth, the defendants allege that they "have not violated Plaintiff's constitutional or civil rights and demand strict proof thereof". The plaintiff has submitted a sworn affidavit as an exhibit to the complaint detailing the events and circumstances surrounding the assault and battery in this case, and the defendants have attached additional documentation from other witnesses that further supports plaintiff's version of events. The Plaintiff has also submitted a second sworn affidavit specifically rebutting the statements contained within the Defendants' affidavits, as well as another sworn affidavit from separate eyewitness, Wendell Lovell, corroborating Plaintiff's statements.

   g. Lastly, the Plaintiff wishes to remind the court that he was a former corrections officer for over ten years and worked for the Alabama Department of Corrections, having the same job position as both Officer Anderson and Officer Peterson. Plaintiff is very familiar with the Department of Corrections' administrative regulations and standard operating procedures pertaining to the use of force. Plaintiff knows from personal experience that the actions of both Officer Anderson and Officer Peterson violated departmental regulations. Plaintiff further knows that the use of force employed against him by Officer Anderson was not justified. The Plaintiff asserts that this case did not arise from an attempt to maintain institutional discipline nor restore order, but instead revolves around a completely senseless and unwarranted assault and battery.

   Wherefore, the Plaintiff re-asserts his request for this court to set a jury trial in this matter to resolve the disputed factual issues between the Plaintiff and the Defendants. Respectfully submitted on this 30th day of November 2007,

                                              _____
                                              Jody Griffith

## CERTIFICATE OF SERVICE

I hereby swear and affirm that I have served a copy of the foregoing 'Plaintiff's Statement of Disputed Facts' on the defendants by placing a copy of the same in the U.S. Mail, postage prepaid, addressed to Benjamin H. Albritton, Assistant Attorney General, Office of the Attorney General, 11 S. Union Street, Montgomery, AL 36130, and Alabama Department of Corrections, Legal Division, P.O. Box 301501, Montgomery, AL, 36130, on this 30th day of November, 2007.

_____
Jody Griffith

Jody Griffith 249169
Limestone C.F. E-18B
28779 Nick Davis Rd
Harvest, Al. 35749

HUNTSVILLE AL 358
2007
3 DEC

HUNTSVILLE AL 358
2007
3 DEC

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL. 36101-0711