IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JODY EDWIN GRIFFITH, #249169, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:07-CV-00749 |
| ) | |
| GARY ANDERSON, OFFICER ) | |
| PETERSON, ALFREDA DULANEY, ) | |
| AND HERBERT LEVERETTE, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE OF DEFENDANTS ALFREDA DULANEY AND HERBERT LEVERETTE TO ORDER TO SHOW CAUSE

COME NOW, Defendants NURSE ALFREDA DULANEY ("Dulaney") and NURSE HERBERT LEVERETTE ("Leverette") in response to this Court's Order dated January 9, 2008, requiring Nurse Dulaney and Nurse Leverette to show cause for their noncompliance with the Court's November 13, 2007, and January 9, 2008, Orders requiring the submission of their Special Report and Answer. In response to this Court's Order for Dulaney and Leverette to show cause, Dulaney and Leverette state as follows:

1. This action was instituted by Plaintiff JODY EDWIN GRIFFITH ("Plaintiff") on August 14, 2007; however, Plaintiff did not actually amend his Complaint to add Dulaney or Leverette as parties to this action until approximately three (3) months later. At that time, the Court directed the Clerk of the Court to deliver copies of all of the relevant pleadings and orders to Dulaney and Leverette as well as General Counsel for Prison Health Services, Inc.

2. Following the Court's November 13, 2007, Order, the Clerk forwarded copies of the specified documents to Dulaney and Leverette via certified mail addressed to them at Kilby Correctional Facility. (See Docs. 20 and 21). However, there is no indication on the docket

report maintained by the Clerk that any documents were ever transmitted to General Counsel for Prison Health Services, Inc.

3. Undersigned counsel has endeavored in good faith to attempt to confirm whether Prison Health Services, Inc. ("PHS") ever received any correspondence or documents pertaining to this action from the Clerk, but has been unsuccessful in determining whether such information was ever received. Effective November 1, 2007, Prison Health Services, Inc.'s contract with the State of Alabama pertaining to the provision of health services to individuals incarcerated in Alabama terminated by its own terms and, as such, it is possible that such correspondence may have been forwarded to an Alabama address which was no longer being utilized by PHS as of November 17, 2007.

4. When the pleadings and orders arrived at Kilby Correctional Facility, an individual by the name of Paul Rogers signed the certified mail receipt documents. Neither Dulaney nor Leverette know this individual and have obviously not authorized this individual to accept service of process on their behalf. (See Affidavits of Alfreda Dulaney at ¶¶ 5-6; Herbert Leverette at ¶ 7). Neither of these individuals recall ever receiving these documents after they arrived at Kilby. (Id.). Again, when the Court issued its Order to Show Cause on January 25, 2008, the Order was forwarded to Dulaney and Leverette at Kilby. (Id.). Again, an individual with whom neither Dulaney nor Leverette are familiar signed for the documents without being authorized to do so. (Id.). Again, neither Dulaney nor Leverette were aware of the Order entered by this Court. (Id.). In fact, Dulaney does not even recall seeing the summons or complaint, but was notified of this case by her supervisor who informed her that the information had been forwarded to PHS for further handling. (Id.) It remains unclear what occurred with regard to the documents delivered to Kilby for Dulaney and Leverette; however, it is known that (1) neither

Dulaney nor Leverette ever received those documents; and (2) PHS was eventually notified of this action which resulted in undersigned counsel's request for an extension of time on January 30, 2008. (See Doc. 37). There is no evidence of any kind that the failure of Dulaney and Leverette to respond to the previous Orders entered by the Court was the result of an intentional or evasive act or refusal to cooperate on their part.

5. In a technical sense, the failure of Dulaney and Leverette to respond to this Court's prior Orders arises directly out of Plaintiff's noncompliance with the requirements of Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides that service may be effected upon an individual: "(1) pursuant to the law of the state in which the district court is located ...; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house ... or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). There is no evidence of any kind that Plaintiff complied with these requirements. Indeed, Plaintiff is not excused from these requirements simply because he is operating without the assistance of counsel See e.g. Loren v. Sasser, 309 F. 3d 1296, 1304 (11th Cir. 2002). Moreover, the mere fact that Dulaney and Leverette at some point obtained actual notice of this action is of no consequence in terms of Plaintiff's failure to comply with Rule 4's service of process requirements. See Schnabel v. Wells, 922 F. 2d 726, 728 (11th Cir. 1991). In short, the miscommunications and misunderstandings on the part of Dulaney and Leverette would have likely been averted had Plaintiff complied with the requirements of Rule 4 regarding service of process.

6. Nevertheless, putting aside Plaintiff's non-compliance with the requirements for service of process, Dulaney and Leverette have now appeared in this action and presented the

requisite Special Report and Answer together with their sworn statements. More importantly, while Dulaney and Leverette understand that these circumstances may have contributed to some delay in the proceedings before this Court, such a delay did not materially prejudice Plaintiff in any way or provide Dulaney and Leverette with any material advantage in this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendants NURSE ALFREDA DULANEY and NURSE HERBERT LEVERETTE respectfully request that the Court accept the foregoing as their good faith disclosure of the circumstances regarding issues arising from service of process in this action and hold that these Defendants have shown good cause for their noncompliance with this Court's previous orders.

Respectfully submitted,

/s/ William R. Lunsford
One of the Attorneys for Alfreda Dulaney and Herbert Leverette

William R. Lunsford
Maynard, Cooper & Gale, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
Email: blunsford@maynardcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed via regular U.S. mail to the following:

Jody Edwin Griffith (*via U.S. mail*)
AIS 249169
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

Benjamin Howard Albritton (*via electronic mail*)
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152

            /s/ William R. Lunsford
            Of Counsel